UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 19-62923-CIV-MORENO**

REVIV IP, LLC, a Nevada limited liability
company, REVIV MANAGEMENT, LLC, an
Arizona limited liability company, and VEGAS
IV, LLC, a Nevada limited liability company,

        Plaintiffs,

vs.

REVIVE HEALTH AND WELLNESS
STUART, LLC, a Florida limited liability
company, and DOMENIC IACOVONE, an
individual,

        Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO STRIKE, TO STAY, AND TO DISMISS THE AMENDED COMPLAINT

THIS CAUSE came before the Court upon Defendants' Motion to Strike, to Stay, and to Dismiss the Amended Complaint (**D.E. 18**). THE COURT has considered the motion, the response, the reply, and is otherwise fully advised in the premises. The Defendants argue a plethora of reasons for why Plaintiffs' trademark infringement action should not proceed. For the reasons described below, it is **ADJUDGED** that Defendants' motion is DENIED.

### I. BACKGROUND

On January 3, 2020, Plaintiffs filed an amended complaint accusing the Defendants of infringing its "REVIV" trademark and related composite trademark (collectively, "REVIV marks"), by using the confusingly similar marks "REVIVE" and "R3VIVE." Plaintiff REVIV IP, LLC alleges that it is the owner of the REVIV marks, while plaintiff REVIV Management, LLC is the exclusive licensee of such marks, and Vegas IV, LLC the sublicensee. According to the

amended complaint, the Plaintiffs are foreign limited liability companies.

Plaintiffs' business is geared towards "promot[ing] health and wellness through education and bringing intravenous (IV) therapies to a private spa-like setting, making them easily accessible and affordable to the mass population." In furtherance of this aim, Plaintiffs opened a wellness center in Miami Beach around July 2012 "offering and selling nutrient and IV hydration therapy services, doing business under the name REVIV." Soon after, Defendants began offering competing services, and marketed these services by using the marks REVIVE and R3VIVE.

Plaintiffs subsequently issued the Defendants cease and desist letters, and after the Defendants apparently ignored them, filed suit in this Court seeking damages and injunctive relief. Plaintiffs now make five claims in their amended complaint: (1) trademark infringement under section 32 of the Lanham Act, 15 U.S.C. § 1114; (2) unfair competition and false designation of origin under section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1); (3) unfair competition under Florida common law; (4) trademark infringement under section 495.131, Florida Statutes (2019); and (5) deceptive and unfair trade practices under section 501.204, Florida Statutes (2019).

In response, Defendants filed a motion seeking to (1) strike the amended complaint for being impermissibly amended without leave of court, (2) stay the case until Plaintiffs obtain certificates of authority from the state of Florida allowing them to conduct business in the state and commence lawsuits, (3) strike certain allegations of the amended complaint for being immaterial, and (4) dismiss all counts for failure to state a claim. Plaintiffs urge the Court to deny all of the Defendants' arguments, and request that the Court impose sanctions due to the "objectively unreasonable," "unfounded positions" in Defendants' motion.

The court now evaluates the motion, response, and reply.

## II. LEGAL STANDARD

In order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead sufficient facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When ruling on such a motion, a court must view the complaint in a light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See Twombly*, 550 U.S. at 555-56. In order to establish a facially plausible claim, a plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

As for evaluating a motion to strike, a court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "A motion to strike will 'usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" *Harty v. SRA/Palm Trails Plaza, LLC*, 755 F. Supp. 2d 1215, 1218 (S.D. Fla. 2010) (quoting *Story v. Sunshine Foliage World, Inc.*, 120 F. Supp. 2d 1027, 1030 (M.D. Fla. 2000)). A court has broad discretion in determining a motion to strike. *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005).

## III. ANALYSIS

After review of Defendants' motion, the Court rejects all of Defendants' arguments for being frivolous. Defendants first seek to strike the amended complaint because "[t]he Plaintiffs failed to obtain an order granting permission to amend and add additional parties and causes of action." However, Defendants fail to appreciate the plain language of Rule 15(a), which states that a party may amend a pleading "once as a matter of course within" "21 days after service of a motion under Rule 12(b), (e), or (f)." FED. R. CIV. P. 15(a). Here, Defendants served their

responsive motion on December 19, 2020, and Plaintiffs filed an amended complaint on January 3, 2020—about one week before the twenty-one-day deadline set by Rule 15(a).

Second, Defendants seek a stay of the case pursuant to section 605.0904, Florida Statutes (2019), which states that "a foreign limited liability company transacting business in this state or its successors may not maintain an action or proceeding in this state unless it has a certificate of authority to transact business in this state." § 605.0904(1), Fla. Stat.  The statute contemplates that "[a] court may stay a proceeding commenced by a foreign limited liability company or its successors or assignee until . . . the foreign limited liability company or its successor has obtained a certificate of authority to transact business in this state." § 605.0904(3), Fla. Stat.

This argument, too, is quickly discarded.  As the former Fifth has held,[1] in causes of action arising under federal law, a state cannot limit the jurisdiction of federal courts to hear such claims, instead, only Congress may. *See Norman M. Morris Corp. v. Weinstein*, 466 F.2d 137, 142 (5th Cir. 1972) (holding in a trademark infringement suit that a Florida statute requiring a foreign corporation to first file its articles of incorporation with the state before transacting business "does not limit the jurisdiction of the federal district courts in Florida.  Only Congress has the prerogative of defining the jurisdiction of the lower federal courts."); *Lyon v. Quality Courts United, Inc.*, 249 F.2d 790, 794 (6th Cir. 1957) ("If the court's jurisdiction in this case rested not on diversity of citizenship, but rather on its function as a national court to enforce a substantive right created by Congress, then any limitations which Ohio imposes on its courts would be irrelevant.").

Relatedly, this case is not proceeding under the Court's diversity jurisdiction, so application of the Florida door-closing statute is irrelevant.  Instead, this case arises under the

---

[1] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Court's federal question jurisdiction, and Rule 17(b)(3)(A) is on point. That rule enables "a partnership or other unincorporated association with no such capacity under that state's law" to "sue or be sued in its common name to enforce a substantive right existing under the United States Constitution or laws." FED. R. CIV. P. 17(b)(3)(A). Here, although plaintiffs REVIV IP, LLC and REVIV Management, LLC are not authorized to maintain actions arising under Florida law (as they have not obtained certificates of authority from the state), they may nevertheless pursue claims arising under federal law pursuant to Rule 17(b)(3)(A) (alongside any state supplementary claims). *See Help at Home, Inc. v. Cam Enters., LLC*, No. 14-80255, 2015 WL 11254729, at *2 (S.D. Fla. Mar. 9, 2015) ("Plaintiff's case is not based on diversity of citizenship, but rather federal questions presented under the Lanham and Copyright Acts. Florida's door-closing statute [therefore] does not bar a plaintiff from seeking adjudication of its federally created rights in a federal forum." (citation omitted)); *Northpoint Tech., Ltd. v. DirecTV Grp., Inc.*, No. 09-CV-506, 2010 WL 11444157, at *2 (W.D. Tex. Dec. 13, 2010) (holding that "even if [the plaintiff] lacks capacity to pursue this cause of action [patent infringement] under Texas law, it squarely fits within the exception afforded by Rule 17(b)(3)(A)," which "allows a partnership to enforce a federal law in federal court even if it lacks capacity to sue under state law.").

Third, Defendants move to strike certain allegations in the amended complaint as "impertinent and immaterial," namely, paragraphs seventeen and twenty-four. But, Defendants do not explain how these paragraphs are "redundant, immaterial, impertinent, or scandalous." FED. R. CIV. P. 12(f). Defendants also seek to strike the use of the phrase "Infringing Services" in paragraphs thirty through thirty-four. They argue that Plaintiffs cannot seek to enjoin the allegedly similar intravenous hydration services offered by Defendants: "The Plaintiffs are not seeking to enforce a patent on any type of services." While true, Defendants grossly mischaracterize the

language at issue.  By using the phrase "Infringing Services," Plaintiffs are merely describing the goods and services sold by Defendants in connection with the allegedly infringing marks, nothing more.  In fact, and as Plaintiffs astutely observe, courts in this very district have used the same phrase to describe goods and services advertised by allegedly infringing marks.  *See, e.g.*, *Implant Seminars, Inc. v. Lee*, No. 18-CIV-23097, 2019 WL 1979365, at *5 (S.D. Fla. May 3, 2019) (writing, "Defendants, as part of their nationwide effort to attract consumers, advertised and distributed infringing services bearing the Infringing Logo in Florida.").

The Court need not venture much more deeply into Defendants' motion.  Their fourth and final arguments made pursuant to Rule 12(b)(6) are meritless.  Suffice to say, Plaintiffs have alleged facially plausible claims for trademark infringement and unfair competition that meet the pleading threshold of Rule 8(a)(2), which "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 555 (quoting FED. R. CIV. P. 8(a)(2)).  The allegations, which the Court must accept as true at this juncture, adequately demonstrate that the Plaintiffs possess valid marks, and that the Defendants' use of the contested marks are likely to cause consumer confusion.  *See N. Am. Med. Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, 1218 (11th Cir. 2008) (listing the elements of trademark infringement).

Defendants also seek to dismiss all claims against Domenic Iacovone, who, according to the amended complaint, is the founder and managing member of Revive Health and Wellness Stuart, LLC.  Iacovone is apparently the registrant of the corporation's website and is responsible for directly uploading the infringing marks on it.  Defendants counter by arguing that Plaintiffs have failed to meet the minimum showing necessary to "pierce the corporate veil" and hold Iacovone personally liable.  But, no piercing in this context is necessary.  As the Eleventh Circuit

held in *Babbit Electronics, Inc. v. Dynascan Corp.*, 38 F.3d 1161 (11th Cir. 1994), "a corporate officer who directs, controls, ratifies, participates in, or is the moving force behind the infringing activity [i.e., trademark infringement], is personally liable for such infringement without regard to piercing of the corporate veil." *Id.* at 1184. The same principle applies to claims for unfair competition and trademark infringement under Florida common law and the Florida Deceptive and Unfair Trade Practices Act. *See Wholesale Stone, LLC v. Stone-Mart Marble & Travertine Grp. LLC*, No. 13-24342, 2014 WL 11906611, at *4 (S.D. Fla. Mar. 10, 2014).

## IV. CONCLUSION

Based on the foregoing, Defendants' Motion to Strike, to Stay, and to Dismiss the Amended Complaint is DENIED. Accordingly, the Court directs the Defendants to file their answer and any affirmative defenses by **Friday, September 4, 2020**. Failure to file a responsive pleading by that date will result in the Court directing the Clerk to enter default.

DONE AND ORDERED in Chambers at Miami, Florida, this 24th of August 2020.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record