UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 19-62923-CIV-MORENO**

REVIV IP LLC, a Nevada limited liability
company, REVIV MANAGEMENT LLC, an
Arizona limited liability company, and VEGAS
IV, LLC, a Nevada limited liability company,

       Plaintiffs,

vs.

REVIVE HEALTH AND WELLNESS
STUART LLC, a Florida limited liability
company, and DOMENIC IACOVONE, an
individual,

       Defendants.
_____/

## ORDER GRANTING PLAINTIFFS' RULE 39(a)(2) MOTION TO WITHDRAW PLAINTIFFS' DEMAND FOR JURY TRIAL AND STRIKE DEFENDANTS' DEMAND FOR JURY TRIAL

THIS CAUSE came before the Court upon Motion to Withdraw Jury Trial Demand and Strike the Defendants' (**D.E. 77**), filed on **April 15, 2021**. The Plaintiffs move to withdraw their demand for jury trial, strike the Defendants' demand for jury trial, and proceed to a bench trial in this trademark infringement matter. The Plaintiffs, the holder and licensee of the marks, sued the Defendants for trademark infringement under the Lanham Act (Count I), unfair competition and false designation of origin under the Lanham Act (Count II), unfair competition under Florida common law (Count III), trademark infringement under Florida law (Count IV), and deceptive and unfair trade practices (Count V). The Plaintiffs included a demand for jury trial in the complaint (D.E. 12, at 14), and the Defendants included one in their answer (D.E. 28, at 12).

In support of their motion to withdraw their demand and strike the Defendants', the Plaintiffs state that they "intend to forgo pursuing actual damages as to each of Counts I through IV." Moreover, in their reply, the Plaintiffs clarify that they are withdrawing their Florida Deceptive and Unfair Trade Practices Act claim (Count V) entirely. Because there is no federal right to a jury trial on the remaining claims, the Plaintiffs' motion to withdraw their demand for a jury trial and strike the Defendants' demand for a jury trial is granted.

Federal Rule of Civil Procedure 39, "Trial by Jury or by the Court," states as follows:

(a) When a Demand Is Made. When a jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury action. The trial on all issues so demanded must be by jury unless:

(1) the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record; or

(2) the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial.

Fed. R. Civ. 39(a).

The Plaintiffs cite *Hard Candy, LLC v. Anastasia Beverly Hills, Inc.* for the proposition that there is no federal right to a jury trial on the remaining issues, as the Plaintiffs have withdrawn their requests for actual damages. 921 F.3d 1343 (11th Cir. 2019). In that case, the plaintiff sued the defendant for trademark infringement and unfair competition under the Lanham Act, as well as common law trademark infringement and unfair competition, and dropped its request for actual damages prior to trial. *Id.* at 1351. The district court then struck the plaintiff's demand for a jury trial and, on appeal, the Eleventh Circuit affirmed and "agree[d] with the district court's conclusion that the requested remedy [the disgorgement of the defendant's profits and an accounting under the Lanham Act] [was] equitable in nature and thus d[id] not confer a right to trial by jury." *Id.* at 1352.

There is no federal right to a jury trial on the remaining claims. Fed. Civ. P. 39(a)(2). Like the plaintiff in *Hard Candy*, the Plaintiffs here have withdrawn their request for actual damages and their only remaining claims seek an accounting of profits,[1] injunctive relief, statutory damages, attorney's fees, and costs. *Hard Candy,* 921 F.3d at 1351. Thus, the same result follows here: the remaining "requested remed[ies] [are] equitable in nature and thus do[] not confer a right to a trial by jury. *Id.* at 1352.

Tellingly, in their response, the Defendants do not distinguish or address *Hard Candy*. Rather, the Defendants argue that the Plaintiffs' motion to withdraw and motion to strike Defendants' jury trial demand should be denied for three reasons: (1) the time for amending the claims for relief passed on January 4, 2021; (2) the Defendants are entitled a jury trial under the Seventh Amendment; and (3) accounting, profits and disgorgement are a proxy for monetary damages.

First, the Defendants' claim that the Plaintiffs cannot withdraw their jury demand after the amendment deadline has passed runs contrary to Federal Rule of Civil Procedure 39(a), which provides for a jury trial when demanded unless the parties stipulate to a nonjury trial or "the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. 39(a). Under the Defendants' position, whether a party withdraws their jury trial demand prior to a court's scheduling order deadline controls, rather than whether a federal jury trial exists under the Seventh Amendment.

With respect to its second and third arguments, the Defendants contend that the demand for an accounting of profits and disgorgement of those profits is in reality a claim for money

---

[1] "The remedy of damages seeks to compensate the victim for its loss, whereas the remedy of an account . . . [seeks] disgorgement of ill-gotten profits." *Hard Candy*, 921 F.3d at 1353 (quoting *SCA Hygiene Prod. Aktiebolag v. First Quality Baby Prods., LLC*, 137 S.Ct. 954, 964 (2017)).

3

damages and cite to the Supreme Court's decision in *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 82 S.Ct. 894 (1962). Yet, the Eleventh Circuit in *Hard Candy* readily rejected the same argument and "d[id] not read *Dairy Queen* as holding that the accounting and disgorgement of profits was a legal remedy, since that isn't what the plaintiff[s] had sought [in *Dairy Queen*]." *Hard Candy,* 921 F.3d at 1358 (noting that the Supreme Court in *Dairy Queen* held that the plaintiffs' request for an "accounting" was more aptly characterized as a claim for "debt" or "damages") (citing *Dairy Queen*, 369 U.S. at 476) ("The most natural construction of the [plaintiffs'] claim for a money judgment would seem to be that it is claim that they are entitled to recover whatever was owed them under the contract as of the date of its purported termination plus damages for infringement of their trademark since that date."). Given that the Plaintiffs here have now clarified that they have completely withdrawn claims for actual damages and their claim under Florida's Deceptive and Unfair Trade Practices Act, the Defendants have no right to a jury trial under the Seventh Amendment on the remaining claims.

Thus, the Plaintiffs' motion to withdraw their jury trial demand and their motion to strike the Defendants' jury trial demand is granted, as there is no federal right to a jury trial on the remaining claims in this action. Moreover, given the Plaintiffs' stipulation in their reply, the Court shall enter a separate order dismissing the claims for actual damages and Count V in the complaint—a claim under Florida's Deceptive and Unfair Trade Practices Act.

DONE AND ORDERED in Chambers at Miami, Florida, this 7th of June 2021.

*[signature: Federico A. Moreno]*

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record